## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A., <br><br> Plaintiff, <br><br> vs. <br><br> CIGNA HEALTH AND LIFE INSURANCE COMPANY, <br><br> Defendant. | Civil Action No.: 2:20-CV-10345-KM-ESK <br><br> **FIRST AMENDED COMPLAINT** <br><br> **PLAINTIFF REQUESTS A TRIAL BY JURY** |

Plaintiff, Open MRI and Imaging of RP Vestibular Diagnostics, P.A. ("Plaintiff"), by its attorneys, Levine DeSantis, LLC, for its First Amended Complaint herein, alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132 and the common law of ERISA, 28 U.S.C. 1331.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2) in that the Defendant maintains offices, does business, and may be found in the District of New Jersey.

### PARTIES AND FACTUAL ALLEGATIONS

3. Plaintiff is a New Jersey Corporation with offices at 251 Rochelle Avenue, Rochelle Park, New Jersey.

1

4.      Plaintiff is a medical office, engaged in the practice, diagnosis, and treatment of Coronavirus, among other medical services that it provides.

5.      Defendant Cigna Health and Life Insurance Company ("Defendant"), upon information and belief, is a multi-state corporation with offices at 44 Whippany Road, Morristown, New Jersey 07960.

6.      Defendant, upon and belief, is a health insurer and employee benefit plan pursuant to Section 3(1), (2), and (3) of ERISA, 29 U.S.C. 1002 (1), (2), and (3), for the purpose of providing health benefits to eligible participants.

7.      Defendant, upon information and belief, furthermore issues group health insurance coverage, and individual health insurance coverage as defined in 42 U.S.C. 300gg-91, 29 U.S.C. 1191b, and Section 9832 of the Internal Revenue Code of 1986 and referenced in Section 6001(a) of the Families First Coronavirus Response Act ("FFCRA").

8.      Defendant, upon information and belief, is also a health insurance issuer within the terms of Section 3202(a) of the Corona Virus Aid, Relief, and Economic Security ("CARES") Act.

9.      Between February and July 2020, Plaintiff submitted to Defendant invoices totaling $398,665 for diagnostic services and treatment related to Coronavirus.  Copies of said invoices, appropriately redacted, are appended hereto as Exhibit "A."

10.     Plaintiff faithfully rendered the services rendered in said invoices.

11.     Defendant declined to make payment to Plaintiff pursuant to the invoices.

12.     Defendant sent Plaintiff the notices denying payment, copies of which are appended hereto chronologically as Exhibits "B" and "C."

2

13.     The explanations given by Defendant for its refusal to make payment include unelaborated denials that the services were rendered as billed, or matched the services billed, as well as the occasional contention that the billing was duplicative.

14.     The grounds for rejecting Plaintiff's claims were, upon information and belief, false and invalid.

15.     Prior to commencing this action, Plaintiff's counsel by several telephone calls and correspondence of July 20, 2020 and July 28, 2020 attempted to contact Defendant to resolve the matter without resorting to litigation.

16.     Such efforts elicited no response and Plaintiff filed its Complaint on or about August 11, 2020.

17.     On or about September 2, 2020, one of Plaintiff's investigators corresponded with Plaintiff, leading Plaintiff's counsel to call her.

18.     Thereafter, and apparently as a result of the interaction with the investigator, Defendant's counsel emailed Plaintiff's counsel on or about September 14, 2020.

## COUNT I
## VIOLATION OF EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) (29 U.S.C. SECTION 1132)

19.     Each of the allegations in paragraphs 1through 18 above is herein repeated and realleged.

**20.**     In arbitrarily refusing to make payment for diagnostic and treatment services rendered in connection with Coronavirus, Defendant violated the provisions of Section 6001(a) of the FFCRA as amended by Section 3201 of the CARES Act as well as Section 3202(a) of the CARES Act.

3

21.     Defendant is therefore liable pursuant to ERISA (29 U.S.C. 1132(a)) for said payments.

22.     **WHEREFORE,** Plaintiff demands judgment:

a.      Awarding judgment against Defendant in the amount of $398,665, together with costs, interest, and reasonable attorney's fees; and

b.      Awarding such other and further relief as the Court deems just and proper.

## COUNT II
## UNJUST ENRICHMENT

23.     Each of the allegations in paragraphs 1 through 22 above is herein repeated and realleged.

24.     The Defendant, by retaining the insurance premiums paid by the patients treated and diagnosed by Plaintiff while refusing to reimburse Plaintiff for services rendered, was unjustly enriched by the amount of said services.

**WHEREFORE,** Plaintiff demands judgment:

a.      Awarding judgment against Defendant in the amount of $398,665, together with interest, costs, and reasonable attorney's fees; and

b.      Awarding such other and further relief as the Court deems just and proper.

## COUNT IV
## QUANTUM MERUIT

25.     Each of the allegations in paragraph 1 through 24 above are herein repeated and realleged.

26.     Plaintiff is entitled to compensation in *quantum meruit* for the diagnostic and treatment services that it provided.

4

**WHEREFORE,** Plaintiff demands judgment:

a.      Awarding judgment against Defendant in the amount of $398,665, together with interest, costs, and reasonable attorney's fees; and

b.      Awarding such other and further relief as the Court deems just and proper.

Dated:  December 11, 2020

Peter Nichols, Esq.
LEVINE DESANTIS, LLC
530 Morris Avenue, Suite 300
Springfield, New Jersey 07081
Tel.: (973) 376-9050
Fax: (973) 376-0230
Email: pnichols@levinedesantis.com
Attorneys for Plaintiff