**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A., <br><br> Plaintiff, <br><br> v. <br><br> CIGNA LIFE AND HEALTH INSURANCE CO., <br><br> Defendant. | Civil Action No. 2:20-cv-10345 (KM)(ESK) <br><br> *Document electronically filed* |

**DEFENDANT CIGNA HEALTH AND LIFE INSURANCE COMPANY'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**GIBBONS P.C.**
E. Evans Wohlforth, Jr., Esq.
Charlotte Howells, Esq.
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545
ewohlforth@gibbonslaw.com
chowells@gibbonslaw.com

*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

LEGAL ARGUMENT ............................................................................................................... 2

    I.    PLAINTIFF HAS FAILED TO IDENTIFY THE PLAN TERMS IT ALLEGES CIGNA VIOLATED FOR THE CLAIMS AT ISSUE ................................................................. 2

    II.    THERE IS NO PRIVATE CAUSE OF ACTION UNDER THE CARES ACT OR FFCRA AND VIOLATION OF EITHER OF THESE STATUTES DOES NOT GIVE RISE TO A CAUSE OF ACTION UNDER ERISA .......................................................... 5

        A.    There Is No Implied Right of Action Under the FFCRA or CARES Act ...................... 6

        B.    Plaintiff Cannot Use Part 7 of ERISA As An End-Run Around the Statutory Limitations of the CARES Act or FFCRA. ..................................................................... 9

    III.    THE QUASI-CONTRACT CLAIMS MUST BE DISMISSED ..................................... 10

    IV.    THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE WITHOUT FURTHER LEAVE TO AMEND .......................................... 11

CONCLUSION ............................................................................................................................ 12

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alexander v. Sandoval*,
    532 U.S. 275 (2001)..................................................................................6, 7, 8, 10

*Apollo MD Bus. Servs., L.L.C. v. Amerigroup Corp. (Delaware)*,
    2017 WL 10185527 (N.D. Ga. Nov. 27, 2017) .......................................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)..............................................................................................2, 3

*Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*,
    2018 WL 5630030 (D.N.J. Oct. 31, 2018)............................................................2, 5

*Autumn Court Operating Co. LLC v. Healthcare Ventures of Ohio*,
    2021 WL 325887 (S.D. Ohio Feb. 1, 2021)..............................................................7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)..................................................................................................2

*Broad St. Surgical Ctr., LLC v. UnitedHealth Group, Inc.*,
    2012 WL 762498 (D.N.J. March 6, 2012) .......................................................10, 11

*Hein v. F.D.I.C.*,
    88 F.3d 210 (3d Cir. 1996).....................................................................................2, 3

*Hooven v. Exxon Mobil Corp.*,
    465 F.3d 566 (3d Cir. 2006).......................................................................................3

*Johnson v. JPMorgan Chase Bank, N.A.*,
    2020 WL 5608683 (S.D.N.Y. Sept. 21, 2020)..........................................................7

*K.S. v. Thales USA, Inc.*,
    2019 WL 1895064 (D.N.J. Apr. 29, 2019) ...............................................................3

*Kennedy v. Plan Admin. for DuPont Sav. & Inv. Plan*,
    555 U.S. 286 (2009)..................................................................................................2

*Matava v. CTPPS, LLC*,
    2020 WL 6784263 (D. Conn. Nov. 18, 2020) .........................................................7

*N.R. by & through S.R. v. Raytheon Co.*,
    2020 WL 3065415 (D. Mass. June 9, 2020) ............................................................9

*Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*,
    388 F.3d 393 (3d Cir. 2004).......................................................................................2

*Piscopo v. Pub. Serv. Elec. & Gas Co.*,
   2015 WL 3938925 (D.N.J. June 25, 2015) .................................................................3

*Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*,
   2019 WL 1916205 (D.N.J. Apr. 30, 2019) ................................................................10

*Prof'l Staff Cong./CUNY v. Rodriguez*,
   2020 WL 4668164 (S.D.N.Y. Aug. 12, 2020) ............................................................7

*Profiles, Inc. v. Bank of Am. Corp.*,
   453 F. Supp. 3d 742 (D. Md. 2020), *appeal dismissed,* 2020 WL 6042036 (4th
   Cir. May 28, 2020) ......................................................................................................7

*Robinson v. Anthem Blue Cross Life & Health Ins. Co.*,
   2018 WL 6258881 (D.N.J. Nov. 30, 2018) ................................................................3

*Shaver v. Siemens Corp.*,
   67 F. 3d 462 (3d Cir. 2012) .........................................................................................4

*Shehan v. U.S. Dep't of Justice*,
   2020 WL 7711635 (S.D. Ohio Dec. 29, 2020) ..........................................................7

*Smith v. United Healthcare Ins. Co.*,
   2019 WL 3238918 (N.D. Cal. July 18, 2019) .............................................................9

*Somerset Ortho. Assocs., P.A. v. Horizon Healthcare Servs., Inc.*,
   2020 WL 1983693 (D.N.J. Apr. 27, 2020) .................................................................3

*Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*,
   2018 WL 4144684 (D.N.J. Aug. 29, 2018) ................................................................3

*US Airways, Inc. v. McCutchen*,
   569 U.S. 88 (2013) ......................................................................................................3

*Wisniewski v. Rodale, Inc.*,
   510 F.3d 294 (3d Cir. 2007) ....................................................................................6, 7

**Rules**
Civ. R. 15.1 ...................................................................................................................12

Rule 12 ........................................................................................................................2, 4

**Regulations**
29 C.F.R. § 826.150 .......................................................................................................8

29 C.F.R. § 5105 ............................................................................................................8

## **PRELIMINARY STATEMENT**

Plaintiff's Opposition Brief (ECF No. 27) does not advance its cause. Plaintiff has alleged no articulable ERISA claim for plan benefits. The CARES Act[1] and FFCRA provide no cause of action to recover plan benefits. Indeed, Plaintiff acknowledges that no express private right of action exists under these statutes and there is no basis for this Court to find an implied private right of action exists under these statutes. Well-settled federal jurisprudence on implied statutory causes of action are completely to the contrary. This Court would be the first to imply one on the portions of the CARES Act and FFCRA relevant here, and to do so would be contrary to closely analogous holdings from the federal courts in the year since these statutes were enacted.

Left without any other recourse, Plaintiff tries, but fails to assert violations of these statutes through ERISA § 502(a)(1)(b). However, the First Amended Complaint ("FAC") does not allege, and Plaintiff does not argue, that the relevant provisions of the CARES Act or FFCRA are incorporated (either expressly or impliedly) as terms of any ERISA-governed plans. In fact, the FAC does not cite to *any* ERISA plan terms it alleges Cigna violated. Plaintiff cannot interpose ERISA, a statute that does grant a private right of action, as a vehicle to recover under the CARES Act or FFCRA, which do not.

Plaintiff's claims for unjust enrichment and quantum meruit are flawed on their legal merits. On the facts alleged, Plaintiff is barred as a matter of law from alleging that it conferred a direct benefit upon Cigna, and therefore, Plaintiff cannot satisfy a core element of these claims. In any event, Plaintiff concedes that these claims would be preempted by ERISA.

---

[1] Unless otherwise specified, this reply uses the same defined terms as the Memorandum of Law in Support of Cigna's Motion to Dismiss the Amended Complaint ("Moving Br.").

Finally, Plaintiff should not be permitted leave to file a Second Amended Complaint. A third bite of the apple is not warranted here, where Plaintiff's claims are so patently invalid as a matter of law. No amount of amendment short of alchemy will create a federal cause of action where none exists and the state law claims are barred by the very facts on which they rest. Plaintiff's request for leave to amend is also procedurally improper and could be denied on that basis alone.

## LEGAL ARGUMENT

### I. PLAINTIFF HAS FAILED TO IDENTIFY THE PLAN TERMS IT ALLEGES CIGNA VIOLATED FOR THE CLAIMS AT ISSUE

The FAC does not allege a legally cognizable ERISA claim because it does not identify the plans or plan terms Cigna supposedly violated. The federal courts have applied basic Rule 12 jurisprudence under *Twombly* and *Iqbal* to ERISA cases and a rule has emerged that the failure to allege what plan term was violated and how is fatal to an ERISA claim. "Under Section 502(a)(1)(B), a civil action may be brought 'to recover benefits due to [participants or beneficiaries] under the terms of [their] plan, to enforce [their] rights under the terms of the plan, or to clarify [their] rights to future benefits under the terms of the plan.'" *Atl. Plastic & Hand Surgery, PA v. Anthem Blue Cross Life & Health Ins. Co.*, 2018 WL 5630030, at *7 (D.N.J. Oct. 31, 2018) (quoting *Pascack Valley Hosp. Inc. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004)). "In order to prevail under Section 502(a)(1)(B), a plaintiff must establish his or her 'right to benefits that is legally enforceable against the plan,' and that the plan administrator improperly denied those benefits.'" *Id.* (internal citation omitted).

Thus, to state a claim for relief, Plaintiff must allege the specific grounds for entitlement to relief, *i.e.*, the "specific Plan provision entitling payment of benefit[s]" under the ERISA plan. *Id.* (citing *Hein v. F.D.I.C.*, 88 F.3d 210, 215 (3d Cir. 1996); *Kennedy v. Plan Admin. for DuPont Sav. & Inv. Plan*, 555 U.S. 286 (2009)). By failing to reference the ***particular*** "provision governing

2

benefit payments under the Plan itself," allegations of an ERISA violation are conclusory and insufficient under *Twombly*'s and *Iqbal*'s well-settled pleading standards. *Id.*

Plaintiff does not because it cannot successfully distinguish hornbook ERISA law or the substantial case law setting forth this pleading requirement in ERISA cases. *See* Opp. Brf. at 6-7. Case law from the Supreme Court down teach that the terms of an ERISA plan are central to any dispute of plan benefits. *US Airways, Inc. v. McCutchen*, 569 U.S. 88, 100-01 (2013), *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006); *Hein*, 88 F.3d at 215. Factual differences in *K.S. v. Thales USA, Inc.*, 2019 WL 1895064 (D.N.J. Apr. 29, 2019), *Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*, 2018 WL 4144684 (D.N.J. Aug. 29, 2018), and *Robinson v. Anthem Blue Cross Life & Health Ins. Co.*, 2018 WL 6258881 (D.N.J. Nov. 30, 2018) do not alter the underlying principle that these cases unequivocally rest upon–that a plaintiff must "tie his or her allegations of ERISA violations to specific provisions of an applicable plan."*K.S.*, 2019 WL 1895064, at *1.

This is true regardless of whether plaintiff alleges he has been underpaid, *see Robinson*, 2018 WL 4144684, *Somerset Ortho. Assocs., P.A. v. Horizon Healthcare Servs., Inc.*, 2020 WL 1983693, at *9 (D.N.J. Apr. 27, 2020), or that benefits were denied entirely, *see Piscopo v. Pub. Serv. Elec. & Gas Co.*, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015) (dismissing the plaintiff's claim that the defendant violated § 502(a)(1)(B) by denying his request for pension and retirement benefits, finding that the plaintiff failed to sufficiently allege that he was entitled to such benefits under the terms of his ERISA-governed benefit plan), *aff'd*, 650 F. App'x 106 (3d Cir. 2016). Plaintiff has not cited to any case law contradicting the well-settled principle set forth in these cases.

Plaintiff argues that its pleading and exhibits successfully imply the existence of all the many ERISA plans it claims underlie the individual claims it raises. Plaintiff has missed the point. *Iqbal* states that a court may draw a reasonable inference where the pleading contains sufficient factual content to do so. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("facial plausibility when the plaintiff

3

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Plaintiff asks the Court to infer the existence of scores of ERISA plans simply from the fact that Plaintiff demanded money and none was forthcoming. Plaintiff's citation of *Shaver v. Siemens Corp.,* 67 F. 3d 462, 475 (3d Cir. 2012) is wildly off-base. That case considered on summary judgment whether on established facts–such as the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits–the existence of an ERISA plan can be assumed. It has nothing to do with whether the existence of specific ERISA plan has been pled under Rule 12, let alone whether that plan has been violated.[2]

More fundamentally, however, neither the FAC nor its exhibits identify the plans at issue or the plan terms with which Cigna allegedly failed to comply. Plaintiff simply ignores this deficiency in its Opposition. *See* Opp. Brf. at 1, 4, 18 (repeatedly claiming that there is no issue as to the ***existence*** of a plan, but neglecting to point to any specific plan or plan terms as the source of the ERISA violation). Plaintiff's only allusion to plan terms at all resides in a conclusory and misleading statement, when it states: "The claim evaluation forms appended to the complaint as Exhibits 'B' and 'C'… indicate plainly that no issue regarding the assignments of claim, standing, or the terms of relevant insurance plans figured in the Defendant's decision to reject the claims." *Id.* at 4. But, these exhibits (redacted EOBs) do not identify the patients' plans nor the terms of the plans Cigna allegedly violated. These documents merely identify the dates of service, codes for services performed, the amounts charged, the amounts covered, applicable cost-share, and the

---

[2]Even if the existence of a plan were adequately implied in the pleading at bar, the same cannot be said regarding the existence of assignments of benefits, another necessary element of an ERISA claim raised by a medical provider rather than a plan beneficiary. The pleading does not expressly allege the existence of assignments of benefits and assignments of benefits are not contained in Exhibits B and C to the FAC, which consist only of redacted EOBs. *See* Opp. Brf. at 4.

reasons for denial of coverage. Contrary to Plaintiff's contention, Cigna does not base its argument on the redaction of patient names in Exhibits B and C to the FAC. *See id.* at 5. Even if these documents were attached to the FAC in their unredacted form (*i.e.*, with patient and subscriber names), they do not supply the critical information – *i.e.*, the "grounds for entitlement to relief" under the plans at issue – that is lacking in the FAC. *See Atl. Plastic & Hand Surgery, PA*, 2018 WL 5630030, at *7.[3]

Finally, Plaintiff's argument that the denials of certain claims on the ground that the service was never actually rendered excuses its failure to plead the existence and terms of the plans fails. Plaintiff's first obligation under the law is to plead a plausible claim that it is entitled to payment, which requires Plaintiff to establish that there is an ERISA plan that grants a benefit ***and*** that the denial of the benefit was a violation of the plan terms. If Plaintiff's argument held water, it could prove at trial that it did in fact render the billed service and still lose the case, because it never alleged that any particular plan was obligated to respond to the claim. Accordingly, the FAC does not state a claim under ERISA.

## II. THERE IS NO PRIVATE CAUSE OF ACTION UNDER THE CARES ACT OR FFCRA AND VIOLATION OF EITHER OF THESE STATUTES DOES NOT GIVE RISE TO A CAUSE OF ACTION UNDER ERISA

Plaintiff has admitted that the FAC does not assert independent causes of action under the CARES Act and FFCRA and has acknowledged that neither of these statutes explicitly provide a private right of action. Opp. Brf. at 15 ("Plaintiff … does not in the Amended Complaint seek redress under the CARES Act or the FFCRA …."); *id* at 17 ("[T]he essential claim that Plaintiff seeks to bring under ERISA is the same as that which it asserts under the CARES Act and FFCRA,

---

[3]Relatedly, while not dispositive of Plaintiff's claims in their entirety, the fact that the invoices attached as Exhibit A to the FAC include numerous services that predate the COVID-19 Pandemic, but are alleged to comprise "invoices totaling $398,665 for diagnostic services and treatment related to Coronavirus," FAC ¶ 9, is illustrative of the overall ambiguity of the FAC.

5

except that those statutes are written without private causes of action."); ECF No. 24 ("Neither the CARES Act or the FFCRA has a section expressly creating a private right of action ….").

Strangely, Plaintiff now argues instead that it can enforce the CARES Act and the FFCRA through Section 502(a)(1)(B) of ERISA. *See* Opp. Brf. at 15, 17. The FAC does not, however, allege that particular provisions of these statutes are incorporated or recited as either explicit terms or by implication in the plans at issue. Yet, Plaintiff contends there is a "plausible basis to conclude that plaintiff was wrongly denied benefits in violation of ERISA" and that the patients' "entitlement to benefits is set forth in … the CARES Act and the FFCRA." *Id.* at 16. What this "plausible basis" might be remains obscure. The statutes cited grant no private right of action, expressly or by implication. ERISA cannot be used as a work-around to impose liability under statutes which do not create an express or implied cause of action. There is no relationship between the CARES Act and the FFCRA and the terms of the, unidentified, ERISA plans supposedly involved here. In fact, there is no legal basis to support Plaintiff's theory of liability.

### A. There Is No Implied Right of Action Under the FFCRA or CARES Act

There is no justification for this Court to imply a private right of action for medical providers seeking reimbursement of costs related to COVID-19 testing and treatment under either the CARES Act or the FFCRA. The law of implied-rights-of-action is squarely to the contrary. If this Court were to find such an implied right of action it would be a startling departure from the holdings of courts that have rejected any such proposition in analogous circumstances under the CARES Act and FFCRA.

The test for whether a court may imply a private right of action asks two questions: "(1) Did Congress intend to create a personal right?; and (2) Did Congress intend to create a private remedy?" *Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir. 2007) (citing *Alexander v. Sandoval,* 532 U.S. 275 (2001)). The answer to both must be answered affirmatively for a court to hold that an

6

implied private right of action exists under a federal statute. *Id.* Congressional intent to create a private right and a private remedy must be expressed through a "clear manifestation," and only exists "where the statute's text and structure show an intention to create a federal right through rights-creating language, an intention to create a private remedy, and consistency of a private remedy with the statutory scheme." *Johnson v. JPMorgan Chase Bank, N.A.*, 2020 WL 5608683, at *8 (S.D.N.Y. Sept. 21, 2020).

Courts have consistently refused to recognize an implied private right of action in the CARES Act and FFCRA. *See, e.g.*, *Profiles, Inc. v. Bank of Am. Corp.*, 453 F. Supp. 3d 742 (D. Md. 2020), *appeal dismissed,* 2020 WL 6042036 (4th Cir. May 28, 2020); *Johnson*, 2020 WL 5608683, at *8; *Prof'l Staff Cong./CUNY v. Rodriguez*, 2020 WL 4668164 (S.D.N.Y. Aug. 12, 2020); *Autumn Court Operating Co. LLC v. Healthcare Ventures of Ohio*, 2021 WL 325887, at *6 (S.D. Ohio Feb. 1, 2021); *see also Matava v. CTPPS, LLC*, 2020 WL 6784263, at *1 (D. Conn. Nov. 18, 2020); *Shehan v. U.S. Dep't of Justice*, 2020 WL 7711635, at *11 (S.D. Ohio Dec. 29, 2020). Counsel is unaware of any case law in which a court ***has*** found that an implied private right of action exists under the CARES Act or the FFCRA in any context, and Plaintiff has failed to cite to any such law.

Though an issue of first impression, recognizing a private right of action under the CARES Act or the FFCRA would be impossible to reconcile with *Sandoval*. There is no indication in these statutes that Congress intended to create a private right or remedy for medical providers to recover reimbursement for COVID-19 treatment and testing. On the contrary, the overall schemes of these statutes demonstrate that, had Congress intended to confer such a remedy, it would have done so. For instance, both statutes provide for agency enforcement, *see* CARES Act § 3202(b)(2), FFCRA § 6001(b), which this Circuit has recognized creates "a strong presumption against implied private rights of action that must be overcome." *Wisniewski,* 510 F.3d at 305.

Plaintiff attempts to exaggerate Cigna's position on this point. Contrary to Plaintiff's assertions, Cigna does not assert that the existence of an administrative remedy *per se* forecloses a private remedy. Opp. Brf. at n.5. The courts do find, however, that where the legislature provides for an administrative remedy, this fact strongly undercuts any evidence of intent to create a private right of action. One recalls that the intent to create a private right of action must be "clearly manifested." In the absence of an explicit grant, it is difficult to discern such intent where the legislature has consigned enforcement to an administrative agency.

Elsewhere, of course, Congress did expressly grant a private right of action in the FFCRA, against improperly denied leave under the Family Labor Standards Act. *See* FFCRA § 5105, 29 C.F.R. § 826.150. That Congress declined to provide the same remedy with respect to COVID testing strongly indicates that it intentionally determined such a remedy was inappropriate. The commentary and numerous rhetorical questions raised by Plaintiff concerning Congress's purpose in enacting these statutes, *see* Opp. Brf. at 8-13, do not satisfy the *Sandoval* inquiry. The proper avenue to vindicate this supposed need for a private right of action would have been to lobby Congress, not present a claim in this Court. Notwithstanding Plaintiff's concerns regarding whether the administrative remedies provided under the CARES Act and FFCRA are adequate, there are simply no legally justifiable grounds for this Court to infer a private right of action under these circumstances where evidence of Congressional intent to so is not merely absent but actually to the contrary.

Remarkably, the allegations of the FAC do not make out a violation of either the CARES Act or the FFCRA in any event. Thus, even if Plaintiff could argue there was an implied private right of action under either, which it cannot, any such claim would fail. Plaintiff does not claim it negotiated a rate with Cigna regarding the COVID-19-related services it provided, or posted prices for such services on a publicly available website, as required by Section 3202(a) of the CARES Act.

8

Rather, Plaintiff is seeking reimbursement of full billed charges, as apparently set forth in (some of) the invoices attached as Exhibit A to the FAC. Neither the FFCRA nor the CARES Act speaks to reimbursement of full-billed charges – rates of reimbursement must either be negotiated or publicly posted in order to be paid. Thus, even assuming there was a basis to imply a private right of action, Plaintiff has not made out such a claim in the FAC.

### B. Plaintiff Cannot Use Part 7 of ERISA As An End-Run Around the Statutory Limitations of the CARES Act or FFCRA.

Plaintiff cannot mix and match ERISA with the CARES Act and/or FFCRA to construct a work around argument in the absence of a private right of action under those statutes. Pursuant to Section 6001(b) of the FFCRA, the Secretary (not a private litigant) is empowered to enforce the provisions of subsection 6001(a), "as if included" in ERISA Part 7. This provision does not incorporate the FFCRA into ERISA, nor does it insert into the FFCRA ERISA's private right of action for plan benefits under § 502(a)(1)(b). By its express terms the FFCRA borrows ERISA's administrative enforcement mechanism. If anything, by establishing the administrative enforcement mechanism, this provision undermines any unspoken private right of action.

Indeed, in analogous scenarios, courts have declined to recognize a private cause of action. These statutes, including the Mental Health Parity Act and the Affordable Care Act, are *expressly* incorporated into ERISA Part 7. *See N.R. by & through S.R. v. Raytheon Co.*, 2020 WL 3065415, at *7 (D. Mass. June 9, 2020); *Smith v. United Healthcare Ins. Co.*, 2019 WL 3238918, at *7 (N.D. Cal. July 18, 2019); *Apollo MD Bus. Servs., L.L.C. v. Amerigroup Corp. (Delaware)*, 2017 WL 10185527, at *11 (N.D. Ga. Nov. 27, 2017). In each of these cases, courts declined to permit plaintiffs to achieve an "attempted end-run" around the limitations of the underlying statutes through ERISA § 502(a)(1)(b). That the FFCRA is *not* incorporated into ERISA Part 7 suggest that

the *N.R.*, *Smith* and *Apollo* courts would have been even less likely to find an ERISA work-around for the lack of a private cause of action in the FFCRA for COVID testing.

Plaintiff's attempts to distinguish these cases are unpersuasive. Plaintiff's argument only underlines the analogy, conceding that the "essential claim" that "Plaintiff seeks to bring under ERISA is the same as that which it asserts under the CARES Act and the FFCRA, except that those statutes are written without private causes of action." *See* Opp. Brf. at 16-17.

In sum, Plaintiff concedes that there is no express right of action granted in the statutes. To imply one is irreconcilable with *Sandoval* and its progeny. Congress granted a private right of action elsewhere in the statutory framework, but not here, instead delegating enforcement to administrative authorities. Courts addressing other, analogous provisions of the statutes in question have rejected the notion of an implied private right of action. The statutes cited in the FAC do not grant Plaintiff the right to assert its claims in this Court.

### III.   THE QUASI-CONTRACT CLAIMS MUST BE DISMISSED

Plaintiff's claims for unjust enrichment and quantum meruit must be dismissed as a matter of law. The FAC does not allege a crucial element of these claims – that Plaintiff conferred a ***direct*** benefit on the defendant. Rather, Plaintiff merely alleges it conferred benefits on its patients in the form of medical treatment, FAC ¶ 9, and that Cigna was unjustly enriched by virtue of its members' payment of insurance premiums. A number of cases in this District have recently held consistent with long-standing precedent that a benefit conferred on an insured does not constitute a benefit to the payor or insurer. *See, e.g.*, *Plastic Surgery Ctr., P.A. v. Cigna Health & Life Ins. Co.*, 2019 WL 1916205, at *8 (D.N.J. Apr. 30, 2019); *Broad St. Surgical Ctr., LLC v. UnitedHealth Group, Inc.*, 2012 WL 762498, at *8 (D.N.J. March 6, 2012). Plaintiff does not attempt to rebut or distinguish this line of cases, and instead, doubles down, arguing that by retaining insurance premiums paid by the patients while refusing to reimburse Plaintiff for the services provided to the patients, Cigna was

10

unjustly enriched by the amount of said services. Opp. Brf. at 17-18. Repeating this inaccurate statement of the law does not enhance its persuasiveness, however. As Chief Judge Simandle reasoned, what Cigna got out of the transaction was a claim for benefits and, latterly, this lawsuit—hardly a benefit. *Broad St. Surgical,* 2012 WL 762498 at *8 ("'what the insurer gets is a ripened obligation to pay money to the insured-which hardly can be called a benefit.'") (internal citation omitted)). In any event, the services rendered did not trigger the payment of insurance premiums by Plaintiff's patients, nor were the services rendered for the benefit of Cigna. Thus, Plaintiff's allegations under these quasi-contract claims simply do not frame out the elements of this cause of action to state a legally viable claim.[4]

Finally, Plaintiff concedes that if its ERISA claim survives, these claims would be preempted. *See* Opp. Brf. at 18. This is only partly right. It is true that ERISA preempts Plaintiff's state law claims. However, the fact that Plaintiff's ERISA claim is a loser does not somehow revive Plaintiff's state law claims. There would be little point to ERISA preemption if every failed ERISA claim permitted all state law claims that fell within its ambit to go forward. Inherent in Plaintiff's concession is that its state law claims "relate to" an ERISA plan (whether that plan would support the relief Plaintiff seeks is, of course, a mystery). The state law claims are preempted therefore and must be dismissed on this ground as well.

## IV. THE FIRST AMENDED COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE WITHOUT FURTHER LEAVE TO AMEND

Dismissal of the FAC is warranted as a matter of law. Specifically, Plaintiff has not pled an ERISA violation. Plaintiff admits in its Opposition that its "entitlement to benefits is set forth in the cited provisions of the CARES Act and the FFCRA," Opp. Brf. at 16, but acknowledges that

---

[4] Plaintiff's argument that "as assignee of the patients," Plaintiff "stands in their shoes and for the purposes of the pleadings conferred the benefit" is equally tenuous. *See* Opp. Brf. at 18. The FAC is silent as to any assignment.

these statutes "are written without private causes of action." *Id.* at 17. It therefore seeks to recoup benefits through ERISA, but does not assert that the particular plans at issue incorporate either the CARES Act or the FFCRA, and does not cite to any other plan provision that Cigna allegedly violated. Simply put, Plaintiff cannot articulate a legal path for recovery. The theory behind Plaintiff's quasi-contract claims is equally flawed for the reasons stated herein. Any further attempt to amend is futile and should be rejected. Moreover, Plaintiff has already had two bites at the apple – a third is simply not warranted here, where purely legal issues bar Plaintiff's claims.

Finally, Plaintiff's request for leave to amend is procedurally improper, as Plaintiff failed to file a cross-motion and append a proposed amended pleading. Should this Court entertain the possibility of amendment, it should require Plaintiff to file a formal motion for leave to amend, attaching a copy of the proposed pleading, in accordance with L. Civ. R. 15.1.

## CONCLUSION

For the foregoing reasons and the reasons stated in Cigna's Moving Brief, Cigna respectfully requests that Plaintiff's Amended Complaint be dismissed, with prejudice, in its entirety.

Respectfully submitted,

Dated: April 26, 2021
Newark, New Jersey

*s/ E. Evans Wohlforth, Jr.*
E. Evans Wohlforth, Jr., Esq.
Charlotte M. Howells, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, NJ  07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545
ewohlforth@gibbonslaw.com
chowells@gibbonslaw.com

*Attorneys for Defendant Cigna Health and Life Insurance Company*