UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A.,**

    **Plaintiff,**

    v.

**CIGNA HEALTH AND LIFE INSURANCE COMPANY,**

    **Defendant.**

Civ. No. 20-10345 (KM) (ESK)

OPINION

**KEVIN MCNULTY, U.S.D.J.:**

Open MRI and Imaging of RP Vestibular Diagnostics, P.A. ("Open MRI") is a medical practice that served patients insured by Cigna Health and Life Insurance Company. Open MRI alleges that it submitted invoices to Cigna for COVID-19 tests administered to those patients, but Cigna declined to pay. Open MRI sued Cigna for unjust enrichment and violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* Cigna moves to dismiss to dismiss for failure to state a claim, *see* Fed. R. Civ. P. 12(b)(6). (DE 23.)[1] For the following reasons, the motion is **GRANTED** without prejudice to amendment.

# I.     DISCUSSION

Open MRI is a medical practice that provided COVID-19 testing to Cigna-insured patients. (Am. Compl. ¶¶ 4, 9.) Open MRI submitted invoices to Cigna for such testing. (*Id.* ¶ 9.) Cigna responded that it would not make payment

---

[1]     Certain citations to record are abbreviated as follows:

    DE = docket entry

    Am. Compl. = Amended Complaint (DE 13)

    Mot. = Cigna's Brief in Support of its Motion to Dismiss (DE 23-1)

    Opp. = Open MRI's Opposition to Cigna's Motion to Dismiss (DE 27)

because the services were not rendered as billed or billing was duplicative. (*Id.* ¶ 13.) Open MRI believes these grounds are invalid and attempted to resolve the issue with Cigna to no avail. (*Id.* ¶¶ 14–16.) Open MRI sued Cigna, alleging claims for (1) ERISA violations, and in the alternative for (2) unjust enrichment, and (3) quantum meruit. (¶¶ 19–26.) Cigna moves to dismiss (Mot.)

Federal Rule of Civil Procedure 8(a) does not require that a pleading contain detailed factual allegations but "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations must raise a claimant's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570. That standard is met when "factual content [] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) provides for the dismissal of a complaint if it fails to state a claim. The defendant bears the burden to show that no claim has been stated. *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016). I accept facts in the complaint as true and draw reasonable inferences in the plaintiff's favor. *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc).

ERISA "provide[s] a uniform regulatory regime over employee benefit plans," including health insurance plans. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). Section 502(a)(1)(B) of ERISA provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). That language contains two requirements which Cigna contends are lacking here. I deal only with the first.

By the statute's terms, only a "participant or beneficiary" may bring a claim. *Pascack Valley Hosp. v. Local 464A UFCW Welfare Reimbursement Plan*, 388 F.3d 393, 400 (3d Cir. 2004). Nonetheless, a healthcare provider may bring claims if it has a valid assignment of benefits from a plan participant. *CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 176 n.10 (3d Cir. 2014). The issue becomes whether the patient, who possesses the right to seek

reimbursement from the insurer, has validly authorized the provider to exercise that right on the patient's behalf. *See MedWell, LLC v. Cigna Corp.*, Civ. No. 20-10627, 2020 WL 7090745, at *3 (D.N.J. Dec. 4, 2020); *Progressive Spine & Orthopaedics, LLC v. Empire Blue Cross Blue Shield*, Civ. No. 16-01649, 2017 WL 751851 at *5 (D.N.J. Feb. 27, 2017).

Cigna argues that Open MRI has not adequately alleged an assignment. (Mot. at 5.) Open MRI does not point to any such explicit allegation. Rather, it cites explanation of benefits forms which it received from Cigna that are attached to the Amended Complaint as exhibits. (Am. Compl., Ex. B.) Those forms, it says, denied the claims on various grounds but said nothing about the lack of an assignment. From this silence, Open MRI asks the Court to infer an allegation that there was a valid assignment, because if there were not, Cigna would have cited the lack of an assignment as additional grounds for denial of the claims.[2] (Opp. at 4.)

The *Twombly/Iqbal* standard does not require the Court to engage in such gymnastics for plaintiff's benefit. If Smith files a negligence suit for damages because Jones was injured in a car accident, Smith has not (yet) stated a claim. Open MRI objects that it is not yet required to prove that such assignments exist, and to that extent it is correct. The trouble is that Open MRI has not so much as *alleged* that such assignments exist. If Open MRI possesses a valid assignment, that fact should be readily ascertainable and easily alleged. Indeed, MRI, not Cigna, is the party which naturally would possess such assignments, if they exist. Given that an assignment is the very basis of its entitlement to sue, Open MRI may reasonably be asked to at least allege its existence. *See MedWell*, 2020 WL 7090745, at *3.

Open MRI's brief in opposition to the motion to dismiss strongly implies, without actually stating, that such assignments exist. If so, this amendment

---

[2] The inference is a strained one. How would Cigna know whether Open MRI had entered into assignment agreements with its patients? And why would it launch such an investigation if it believed the services were not covered by the patient's plan?

can be very easily accomplished. I will therefore grant the motion to dismiss, without prejudice to amendment within 30 days.

Counts 2 and 3, which sound in state law, are dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1367(c)(3). At this early stage, there are no countervailing factors requiring the court to retain jurisdiction. And because no ERISA claim has been stated thus far, I do not consider preemption arguments.

## II. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted. On Count 1, it is granted, solely on grounds of failure to allege a valid patient assignment. On Counts 2 and 3, dismissal is granted for lack of subject matter jurisdiction. All dismissals are entered without prejudice to submission of a proposed Second Amended Complaint within 30 days. A separate order will issue.

Dated: June 30, 2021

/s/ Kevin McNulty

_____
**Hon. Kevin McNulty**
**United States District Judge**