UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 2:20-CV-10345-KM-ESK<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Open MRI and Imaging of RP Vestibular Diagnostics, P.A. ("Plaintiff"), by its attorneys, Levine DeSantis, LLC, for its Second Amended Complaint herein, alleges as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1132 and the common law of ERISA, 28 U.S.C. 1331.

2. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. 1132(e)(2) in that the Defendant maintains offices, does business, and may be found in the District of New Jersey.

1

## PARTIES AND FACTUAL ALLEGATIONS

3. Plaintiff is a New Jersey Corporation with offices at 251 Rochelle Avenue, Rochelle Park, New Jersey.

4. Plaintiff is a medical office, engaged in the practice, diagnosis, and treatment of Coronavirus, among other medical services that it provides.

5. Defendant Cigna Health and Life Insurance Company ("Defendant"), upon information and belief, is a multi-state corporation with offices at 44 Whippany Road, Morristown, New Jersey 07960.

6. Defendant, upon and belief, is a health insurer and employee benefit plan pursuant to Section 3(1), (2), and (3) of ERISA, 29 U.S.C. 1002 (1), (2), and (3), for the purpose of providing health benefits to eligible participants.

7. Defendant, upon information and belief, furthermore issues group health insurance coverage, and individual health insurance coverage as defined in 42 U.S.C. 300gg-91, 29 U.S.C. 1191b, and Section 9832 of the Internal Revenue Code of 1986 and referenced in Section 6001(a) of the Families First Coronavirus Response Act ("FFCRA").

8. Defendant, upon information and belief, is also a health insurance issuer within the terms of Section 3202(a) of the Coronavirus Aid, Relief, and Economic Security ("CARES") Act.

9. Plaintiff from 2020 to date submitted to Defendant invoices totaling at least $1,522,644 for diagnostic services and treatment related to Coronavirus.

10. The patients who received such diagnostic services and treatment did so pursuant to Medical Insurance Plans (the "Plans") issued and maintained by Defendant, known to it, and in its possession.

11. The Plans, in light of the provisions of the CARES Act and FFCRA, entitled the patients to be reimbursed by Defendant for the diagnostic services and treatment that they received from Plaintiff, even if the medical providers they employed were otherwise out of network.

12. The patients who received such diagnostic services and treatment each assigned their rights and benefits under the Plans to the Plaintiff. The Assignment of Benefits form that each of them executed provided as follows:

> I irrevocably assign to Vestibular Diagnostic, PA all my rights and benefits under any insurance contracts for payment of services rendered to me by Vestibular Diagnostic, PA. I irrevocably authorize all information regarding my benefits under any insurance policy relating to any claims by Vestibular Diagnostic, PA to be released to Vestibular Diagnostic, PA.
>
> I irrevocably authorize Vestibular Diagnostic, PA to file insurance claims on my behalf for services rendered to me.
>
> I irrevocably direct that all such payments go directly to Vestibular Diagnostic, PA.
>
> I irrevocably authorize Vestibular Diagnostic, P.A. to act in my behalf and report any suspected violations of proper claims practices to the proper regulatory authorities.
>
> I, the patient, do hereby direct the health insurance carrier to issue payment on my behalf directly to the medical provider.
>
> This assignment of benefits has been explained to my full satisfaction and I understand its nature and effect.

13. Plaintiff faithfully rendered the services stated in said invoices.

14. Defendant declined to make payment to Plaintiff pursuant to the invoices.

15. Defendant sent Plaintiff notices denying payment.

16. The explanations given by Defendant for its refusal to make payment include unelaborated denials that the services were rendered as billed, or matched the services billed, as well as the occasional contention that the billing was duplicative.

17. The grounds for rejecting Plaintiff's claims were, upon information and belief, false and invalid.

18. Prior to commencing this action, Plaintiff's counsel by several telephone calls and correspondence of July 20, 2020 and July 28, 2020 attempted to contact Defendant to resolve the matter without resorting to litigation.

19. Such efforts elicited no response and Plaintiff filed its original Complaint on or about August 11, 2020.

20. On or about September 2, 2020, one of Defendant's investigators corresponded with Plaintiff, leading Plaintiff's counsel to call her.

21. Thereafter and apparently as a result of the interaction with the investigator, Defendant's counsel emailed Plaintiff's counsel on or about September 14, 2020, although no possibility of amicable resolution of Plaintiff's claims emerged from that or any subsequent contact.

## COUNT I
## VIOLATION OF EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974 (ERISA) (29 U.S.C. SECTION 1132)

22. Each of the allegations in paragraphs 1 through 21 above is herein repeated and realleged.

23. In arbitrarily refusing to make payment for diagnostic and treatment services rendered in connection with the Coronavirus, Defendant violated the provisions of Section 6001(a) of the FFCRA as amended by Section 3201 of the CARES Act as well as Sections 3202(a) and 3203(a) of the CARES Act.

24. Defendant is therefore liable pursuant to ERISA (29 U.S.C. 1132(a)) for said payments.

25.  **WHEREFORE,** Plaintiff demands judgment:

a.  Awarding judgment against Defendant in the amount of Plaintiff's unpaid invoices together with costs, interest, and reasonable attorney's fees; and

b.  Awarding such other and further relief as the Court deems just and proper.

Dated:  July 27, 2021

*/s/ Peter Nichols*
Peter Nichols, Esq.
LEVINE DESANTIS, LLC
530 Morris Avenue, Suite 300
Springfield, New Jersey 07081
Tel.: (973) 376-9050
Fax: (973) 376-0230
Email: pnichols@levinedesantis.com
Attorneys for Plaintiff