

E. EVANS WOHLFORTH, JR.
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4879  Fax: (973) 639-6486
ewohlforth@gibbonslaw.com

August 6, 2021

**VIA ECF**
The Honorable Edward S. Kiel, U.S.M.J.
Martin Luther King Bldg. & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

    Re:  **Open MRI and Imaging of RP Vestibular Diagnostics, P.A.
    v. Cigna Health and Life Ins. Co.
    Docket No. 20-10345-KM-ESK**

Your Honor:

Per the Court's leave granted at the status conference of July 28, 2021, Defendant Cigna Health and Life Insurance Company ("Cigna") submits this letter brief in support of its motion for a stay of discovery pending a decision on the anticipated Motion to Dismiss the Second Amended Complaint ("SAC") in this matter.

Now on its Second Amended Complaint, Plaintiff's case still struggles to get off the launching pad. Plaintiff's theory has always been that Cigna "arbitrarily refused to make payment for diagnostic and treatment services rendered in connection with the Coronavirus" (SAC ¶ 23), allegedly violating Section 6001(A) of the Families First Corona Response Act ("FFCRA") and Section 3202(A) of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). The original Complaint, filed in August of 2020, alleged three-counts: violation of these statutes, unjust enrichment, and quantum meruit. As has been extensively briefed in this case already, there is no private cause of action, express or implied, under these sections of the FFCRA or CARES Acts and no court in the United States has recognized any such private right of action.

GIBBONS P.C.

The Honorable Edward S. Kiel, U.S.M.J.
July 6, 2021
Page 2

In December 2020, Plaintiff, perhaps recognizing the problem its statutory claims faced, filed an Amended Complaint, which couched its former claims under the FFCRA and CARES Acts as claims for reimbursement under ERISA. The common-law claims were repeated in the Amended Complaint. ERISA, of course, does create a federal right of action for ERISA plan benefits and Plaintiff's position has been that its FFCRA and CARES Acts claims can catch a ride on ERISA's cause of action. No authority exists for this proposition either.

In any event, on June 30, 2021, this Court granted Cigna's Motion to Dismiss, dismissing all counts -- the statutory claims on the narrow ground that Plaintiff had failed to allege it had standing to maintain a claim under ERISA. [ECF No. 38]. The dismissal was without prejudice to filing a Second Amended Complaint within thirty days, leading to the pleading at bar. The FFCRA/CARES/ERISA theory appears unchanged from the earler pleading, supplemented by allegations that purport to fix the standing problem. The unjust enrichment and quantum meruit claims are omitted from the SAC.

Cigna intends to file a Motion to Dismiss the Second Amended Complaint. The Court has yet to rule on the grounds advanced in Cigna's prior Motion — that there is no private right of action under the FFCRA or CARES Acts, that ERISA cannot provide an end run around that basic and unsurmountable legal hurdle, and that the purported ERISA claim fails to articulate a plausible cause of action in any event. Meanwhile, Plaintiff has confronted Cigna with a list of claims that involves 1,080 individual patients. The content of the list is mysterious, however; it seems to include medical treatments that have nothing to do with the Coronavirus and, indeed, some that pre-date the Coronavirus pandemic. Regardless, Plaintiff has insisted that it be allowed discovery as to these, now, even before a response to the SAC has been filed, and

GIBBONS P.C.

The Honorable Edward S. Kiel, U.S.M.J.
July 6, 2021
Page 3

regardless of the fact that the identical statutory claim is certain to meet a renewed Motion to Dismiss. As detailed below, the effort to provide even minimal, administrative-record discovery on such a volume of claims will be very substantial, and the anomolies in the claims list portend numerous discovery disputes.

A party seeking to stay discovery bears the burden of showing good cause. *Kiley v. Tumino's Towing, Inc.*, 2019 U.S. Dist. LEXIS 97350, at *2-3 (D.N.J. June 10, 2019). "Courts assessing the suitability of a stay consider 'whether a stay will simplify issues and promote judicial economy, the balance of harm to the parties, and the length of the [] stay.'" *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC*, 2011 U.S. Dist. LEXIS 102743, at *4 (D.N.J. Sept. 9, 2011) (quoting *McDonald v. Novartis Pharms., Corp.*, 2007 U.S. Dist. LEXIS 86140, at *1 (D.N.J. Nov. 20, 2007)). Each of these elements support a finding of good cause to grant a stay in this case.

A stay will simplify the issues, promote judicial economy, and avoid substantial and burden to Cigna at no cost to Plaintiff, because the anticipated Motion to Dismiss will dispose of Plaintiffs' claims in their entirety. *Mann v. Brenner,* 375 F. App'x 232, 239 (3d Cir. 2010) ("it may be appropriate to stay discovery while evaluating a motion to dismiss where, if the motion is granted, discovery would be futile"); *see also Spencer v. Wetzel,* 2012 U.S. Dist. LEXIS 100059, at *1 (M.D. Pa. July 18, 2012) ("A stay is proper where the likelihood that a motion to dismiss may result in a narrowing or outright elimination of discovery outweighs any likely harm from the delay.") (citation omitted).

The merits of the Motion to Dismiss are already of record, subject to additional arguments that may be directed to the SAC. [*See* ECF 23-1 (Brief in Support of Motion to

GIBBONS P.C.

The Honorable Edward S. Kiel, U.S.M.J.
July 6, 2021
Page 4

Dismiss).]¹  Obviously, the relevant sections of the FFCRA and CARES Acts do not explicitly grant a private right of action to enforce an obligation to pay for Coronavirus testing.  The federal courts are not quick to find implied rights of action under federal statutes and such indicators that appear weigh against, and not in favor of, an implied right of action.  For example, the statutes grant enforcement powers to federal regulators, and decades of case law has reasoned that this negates a finding that Congress also intended to delegate enforcement to private parties through litigation.  No Court has addressed whether these sections of the FFCRA and CARES Acts contain an implied right of action, but courts addressing other sections of those statutes have found that no implied right of action exists in analogous provisions.  The SAC's attempt to borrow ERISA's express cause of action is particularly unavailing.  Courts have rejected similar arguments with respect to statutes that had a far better claim to incorporating ERISA's statutory cause of action, characterizing any such suggestion as an "end run" around the obvious intent of Congress to withhold rather than imply a private right of action.

The discovery that Plaintiff will demand in the service of this novel and dubious lawsuit would be very substantial.  It is estimated that it would take team of 10 Cigna employees approximately four months to gather the needed claims files.  (*See* Decl. of Emily D. Russell ¶ 4.)  As noted, over one thousand patients, each with her or his own benefit plan, is implicated here. It is no answer for Plaintiff to say that it will supply all the relevant records.  The relevant records are those that were submitted to Cigna in support of the original claims, not records that reside in Plaintiff's files.  The discovery demanded here will consist primarily of confidential

---

¹ In the interest of space and to avoid repetition, the Court is directed to this brief for further discussion and authorities in support of the points set forth here.

GIBBONS P.C.

The Honorable Edward S. Kiel, U.S.M.J.
July 6, 2021
Page 5

medical records.  While a direct violation of HIPAA may be avoided, there is no sensible reason to package up and transmit such a large amount of highly sensitive personal medical information to support claims that likely will never progress beyond the pleading stage.

Moreover, a stay will save the Court from resolving discovery disputes that certainly would arise.  *See Jackson v. N. Telecom, Inc.,* 1990 U.S. Dist. ELXIS 3572, at *1 (E.D. Pa. Mar. 30, 1990) (granting stay of discovery, "in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery").  The potential for disputes are apparent already from the claims data Plaintiff has provided.  Some of the listed claims clearly have nothing to do with Coronavirus testing.  Others pre-date the pandemic by years.  It is not known by what method Plaintiff assembled this claims list, but any discovery in the service of it is objectionable on its face as oppressive, overbroad, and disproportionate to the claims asserted.

Thus, judicial economy, the significant burden to Cigna relative to zero prejudice to Plaintiff, the interest of narrowing (or completely obviating) the issues to be discovered, all weigh in favor of a stay pending the resolution of the forthcoming Motion to Dismiss.  Should this Court be the first in the nation to recognize a private cause of action under these federal statutes, discovery can proceed with no discernable prejudice to Plaintiff.  Cigna respectfully requests that this Motion be granted, therefore.

We thank the Court for its kind attention to this letter. Please do not hesitate to have the Court's staff contact me with any questions or if we may be of any service to the Court whatsoever.

G<small>IBBONS</small> P.C.

The Honorable Edward S. Kiel, U.S.M.J.
July 6, 2021
Page 6

                              Respectfully,

                              <u>s/ E. Evans Wohlforth, Jr., Esq.</u>

                              E. Evans Wohlforth, Jr., Esq.

cc:     All Counsel of Record (via ECF )