# LEVINE DeSANTIS, LLC
ATTORNEYS AT LAW
530 MORRIS AVENUE
SUITE 300
SPRINGFIELD, NEW JERSEY 07081

TEL (973) 376-9050

FAX (973) 379-6898

**VIA ELECTRONIC FILING**

August 20, 2021

Hon Edward S. Kiel
Magistrate Judge
United States District Court
Martin Luther King Building
50 Walnut Street
Newark, New Jersey 07102

            **RE: <u>Open MRI and Imaging of RP Vestibula Diagnostics, P.A., v.</u>**
                    **<u>Cigna Health and Life Insurance Company</u>**
                    **2:20-CV-10345-KM-ESK**

Dear Judge Kiel,

Pursuant to the Court's Order at the recent status conference, the Plaintiff, Open MRI and Imaging of RP Vestibular Diagnostics, P.A. ("Vestibular" or the "Plaintiff") replies to the August 6, 2021 Motion to Stay Discovery and letter brief of Defendant Cigna Health and Life Insurance Company ("Cigna" or "Defendant").

Cigna's Motion, in essence, reprises its recent Motion to Dismiss and describes the onerous burden it will shoulder in responding to discovery requests that it speculates will be forthcoming. The assertion that "Plaintiff has insisted that it be allowed discovery…even before a response to the [Second Amended Complaint] has been filed" (Def.'s Letter Brief, p. 2) is gratuitous,

LEVINE DESANTIS, LLC
ATTORNEYS AT LAW

*Hon Edward S. Kiel*
*August 20, 2021*
*Page Two*

as Plaintiff never said that it would serve discovery documents before an Answer or other response was filed. It submits that there are no grounds to stay discovery—on the contrary, we must get on with the case.

There is a certain unreality about Cigna's argument that judicial economy will be served by the requested stay, "because the anticipated Motion to Dismiss will dispose of Plaintiff's claims in their entirety." (Defendant's letter brief, p. 3). Anyone reading this by itself might suppose that the Court was about to hear Cigna's arguments for the first time.

But Cigna elsewhere observes "The court has yet to rule on the grounds advanced in Cigna's prior motion--that there is no private right of action under the FFCRA or CARES Acts, that ERISA cannot provide an end run around that basic and unsurmountable legal hurdle, and that the purported ERISA claim fails to articulate a plausible cause of action in any event." (Def.'s letter brief, p. 2). If that is the case, then why is a second motion to dismiss necessary, since as Cigna acknowledges, the same statutory theory of liability as was before the Court in the recent Motion is presented in the Second Amended Complaint? (Def.'s letter brief, *Id.*) If the Court really did not dispose of this underlying question in its June 30, 2021 decision and Order (the "June 30 Order"), then surely it will do so presently.

At the most recent status conference, Cigna's Counsel suggested that the Court might not yet have ruled on the underlying question of a private civil right of action because it is an issue of first impression and one of national significance. Of course, the meaning of the June 30 Order is

**LEVINE DESANTIS, LLC**
ATTORNEYS AT LAW

*Hon Edward S. Kiel*
*August 20, 2021*
*Page Three*

for the Court to say. The only point made at this time is that Defendant's interpretation makes no sense. Cigna does not allege that the issue of a cause of action under ERISA for violations of the CARES Act and FFCRA has ceased to be one of first impression. In its account of the state of the law on page four of its letter brief, Cigna, on the contrary, acknowledges that no court has ruled on the existence of a private cause of action under the CARES Act or FFCRA. In effect, it acknowledges that no court has ruled on the availability of the ERISA private cause of action for violations of CARES Act and FFCRA provisions either. It cites what it contends are rulings in analogous cases, with which Plaintiff dealt in its opposition to the recent motion. Obviously, if there is a private cause of action under the CARES Act or FFCRA, it is no "end run" to bring the cause of action under ERISA. As we pointed out at length in the recent motion papers, to determine that there is no private cause of action for violation of the insurance provisions of the CARES Act and the FFCRA, with government enforcement the only remedy, is effectively to deny medical providers and insureds any remedy at all.

It has been Plaintiff's interpretation that since the June 30 Order dismissed the Amended Complaint *without* prejudice and in light of the second full paragraph on page 2 of the Order, affirming that "ERISA 'provide[s] a uniform regulatory regime over employee benefit plans,' including health insurance plans," it did determine that Plaintiff's action could go forward. It was necessary only to plead the assignment of the patients' benefits, establishing that Vestibular was a proper plaintiff. But assuming that as Defendant maintains, the June 30 Order did not decide the

**LEVINE DESANTIS, LLC**
ATTORNEYS AT LAW

*Hon Edward S. Kiel*
*August 20, 2021*
*Page Four*

underlying issue, what reason is there to suppose that the contemplated rehashing of the same issue will resolve it more quickly now, "disposing of Plaintiff's claims in their entirety" and rendering apposite the authorities cited on page 3 of Defendant's letter brief? Defendant concedes, "The merits of the Motion to Dismiss are already of record, subject to additional [unspecified] arguments that may be directed to the SAC." (Def.'s letter brief, *id.*).

"'Motions to stay discovery are not favored because when discovery is delayed or prolonged it can create case management problems which impede the court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems.'" *Actelion Pharms., Ltd. v. Apotex, Inc.*, BL 413951, WL 5524078 (D. N.J. 2013), 3/7, citing and quoting. *Coyle v. Hornell Brewing Co.*, BL 129900, WL 1652399 (D.N.J. 2009), 3. The *Actelion* court further observes that "the movant 'must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay… will work damage to [someone] else,'" citing and quoting *Landis v. N. Am. Co.*, 299 U.S. 248 (1936). In this instance, Plaintiff will be unable to progress in its case if it is unable to begin discovery. The suggestion that Defendant will be prejudiced is all based on conjecture as to what the discovery requests will be.

The last page and a half of Cigna's letter brief, and the Declaration of Emily D. Russell that follows, are filled with very confident, quantitative, and unfounded predictions of the discovery demands that will be visited upon the Defendant, along with the assumption that any and all disputes over these hypothetical demands will have to be litigated. The possibility of

**LEVINE DESANTIS, LLC**
ATTORNEYS AT LAW

*Hon Edward S. Kiel*
*August 20, 2021*
*Page Five*

amicable resolution is apparently to be ruled out *a priori*. In fact, Plaintiff would like to elicit some explanation of the reasons for the rejection of its claims, those reasons hardly emerging with clarity from the Explanation of Medical Benefit Reports that Vestibular received. An illumination of those forms, which were appended as exhibits to the original and First Amended Complaint would be a good start.

Defendant states that Plaintiff "confronted" it with records for 1080 patients. That is an odd word for an attempt to be forthcoming with its evidence. And if there were any records included that are not applicable to the cause of action, Plaintiff certainly will expect no associated discovery.

Facetiously asserting that "Plaintiff's case still struggles to get off the launching pad" (Def.'s letter brief p. 1), Defendant seeks to forestall the "blast-off" by litigating the same dispositive motion twice. It asserts that the Court did not resolve the underlying issue before and that it will indubitably resolve it in their favor now, rendering unnecessary the onerous discovery demands that they have not actually received but predict. Instead, the case should progress. If the Court has not ruled that the Plaintiff's case can proceed under ERISA, it can rule now—the issues, as Defendant avers, are fully briefed. But Defendant should not get away with its present maneuver: arguing that the underlying issue was not resolved in the June 30 Order, but it is about to be resolved in its favor by a new motion, on the same record, so there must be no discovery.

## LEVINE DeSANTIS, LLC
ATTORNEYS AT LAW

*Hon Edward S. Kiel*
*August 20, 2021*
*Page Six*

                                                  Respectfully,
                                                LEVINE DESANTIS, LLC

                                                  *Peter Nichols*

                                                PETER NICHOLS

PN/pn
cc: Counsel of Record (via e-filing)

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A.,<br><br>Plaintiff,<br><br>vs.<br><br>CIGNA HEALTH AND LIFE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No.: 2:20-CV-10345-KM-ESK<br><br>***Document electronically filed***<br><br>**CERTIFICATION OF SERVICE** |

**PETER NICHOLS, ESQ.**, of age, certifies as follows:

1. I am an attorney-at-law of the State of New Jersey and am associated with the firm of Levine DeSantis, LLC, attorneys for Plaintiff Open MRI and Imaging of RP Vestibular Diagnostics, P. A.

2. On August 20, 2021 I caused to be served via email the attached Letter Brief in Opposition to Defendant's Motion for a Stay of Discovery upon:

   E. Evans Wohlforth, Jr., Esq.
   Gibbons P.C.
   One Gateway Center
   Newark, New Jersey 07102

3. Owing to technical problems in accessing the ECF filing system on August 20, 2021, I electronically filed the aforementioned document on August 21, 2021.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: August 21, 2021

                                                  /s/ Peter Nichols
                                                  Peter Nichols, Esq.
                                                  **LEVINE DESANTIS, LLC**
                                                  530 Morris Avenue, Suite 300
                                                  Springfield, New Jersey 07081
                                                  Tel.: (973) 376-9050
                                                  Fax: (973) 376-0230
                                                  Email: pnichols@levinedesantis.com

                                                  *Attorneys for Plaintiff Open MRI and*
                                                  *Imaging of RP Vestibular Diagnostics*