

E. Evans Wohlforth Jr.
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4879 Fax: 973-639-6486
ewohlforth@gibbonslaw.com

February 18, 2022

**VIA ECF**
The Honorable Kevin McNulty, U.S.D.J.
Martin Luther King Bldg. & U.S. Courthouse
Newark, NJ 07102

> Re: --Notice of Supplemental Authority--
> Open MRI and Imaging of RP Vestibular Diagnostics, P.A v. Cigna Health and Life Ins. Co.
> Docket No. 20-10345-KM-ESK

Your Honor:

This law firm represents defendant Cigna Life and Health Insurance Company ("Cigna") in the above-referenced matter. Presently fully briefed and pending before the Court is Cigna's Motion to Dismiss Plaintiff's Second Amended Complaint (ECF Nos. 51, 63, 66) (the "Motion"). We write to advise the Court of case law decided since that briefing was complete.

At several points in Cigna's moving papers we asserted that no court in the nation had found that the relevant portions of the FFCRA and CARES Act contained an implied, private right of action, statements which we continue to believe were accurate when made. On January 19, 2022, however, several weeks after Cigna submitted its Reply Brief on January 5, 2022, the United States District Court for the Southern District of Texas issued an Order and Opinion on motions to dismiss in an action entitled *Diagnostic Affiliates of Northeast Hou, LLC v. United Healthcare Services, Inc., et al.*, No. 2:21-CV-131, 2022 WL 214101 (S.D. Tex.) ("*Diagnostic Affiliates*").[1]

In *Diagnostic Affiliates*, the Southern District of Texas held, contrary to Cigna's position on the Motion, that the FFCRA and CARES Act do in fact contain an implied, private right of action. Moreover, it now appears that a federal court has addressed this issue and, thus, our prior statements in support of the Motion that the issue was one of first impression are no longer accurate. A copy of the opinion is attached for the Court's convenient reference.

Obviously, this out-of-circuit District Court opinion is not binding on this Court. We feel strongly, moreover, that it is not well-reasoned. We doubt that it would withstand appellate scrutiny in its home Circuit, and certainly would not survive review in our own Third Circuit Court of Appeals. In sum, we remain convinced that the FFCRA and CARES Act do *not* provide an

---

[1] Cigna is not a party to the *Diagnostic Affiliates* lawsuit.

New Jersey   New York   Pennsylvania   Delaware   Washington, DC   Florida                    gibbonslaw.com

GIBBONS P.C.

The Honorable Kevin McNulty, U.S.D.J.
February 18, 2022
Page 2

implied, private right of action under settled federal law, and Plaintiff's Second Amended Complaint must be dismissed, therefore.

We do, however, feel that it is incumbent upon us to bring this matter to the Court's attention, particularly where it appears that Plaintiff will not do so. If Your Honor would be willing to consider a brief round of submissions from the parties on the merits of *Diagnostic Affiliates,* we would be happy to present our arguments as to why this opinion is wrong on the merits of the relevant legal issue and should not be considered persuasive authority by this Court.

Absent leave from Your Honor, however, we understand that it is improper to submit substantive argument in connection with a Notice of Supplemental Authority, and we will not do so here. We thank Your Honor for your kind attention to this submission. Please do not hesitate to have the Court's staff contact me with any questions or if we may be of any service whatsoever to the Court.

Respectfully,

s/ E. Evans Wohlforth, Jr.

E. Evans Wohlforth Jr., Esq.

Enclosure

cc:   All Counsel of Record (via ECF)