

E. Evans Wohlforth Jr.
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4879 Fax: 973-639-6486
ewohlforth@gibbonslaw.co

April 15, 2022

**VIA ECF**
The Honorable Kevin McNulty, U.S.D.J.
Martin Luther King Bldg. & U.S. Courthouse
Newark, NJ 07102

Re:   Open MRI and Imaging of RP Vestibular Diagnostics, P.A. v. Cigna Health and Life Ins. Co., Docket No. 20-10345-KM-ESK

Your Honor:

Pursuant to the Court's April 8, 2022 Order, (ECF No. 69), please accept this letter brief on behalf of Cigna addressing the decisions issued by the Southern District of Texas in *Diagnostic Affiliates of Northeast Hou, LLC v. United Healthcare Services, Inc., et al.*, No. 2:21-CV-131, 2022 WL 214101 (S.D. Tex. Jan. 19, 2022) ("*Diagnostic Affiliates*") and by the District of Connecticut in *Murphy Med. Assocs., LLC v. Cigna Health & Life Ins. Co.*, No. 3:20CV1675(JBA), 2022 WL 743088 (D. Conn. Mar. 11, 2022) ("*Murphy Medical*"). Both of these decisions address the issue of whether the FFCRA or CARES Act (the "Acts") provide an implied, private right of action for medical providers seeking reimbursement of health insurance benefits.

I.   ***Diagnostic Affiliates*:** In *Diagnostic Affiliates*, the Court denied defendants' motions to dismiss, holding that there is an implied private right of action under the FFCRA and CARES Act for providers seeking reimbursement for COVID-19 testing. 2022 WL 214101 at *7. It was the first and so far only court to do so, and, we submit, this conclusion was patently in error.

The Court reasoned that the mandatory reimbursement language in the Acts "supports recognition of an implied right of action." *Id*. The Court rejected the relevance of the administrative enforcement scheme in the Acts, concluding that these provisions "cannot be said to evidence an intent to deny a private right of action," and that "[u]nder the circumstances" of the pandemic, "seeking consistency in the treatment of remedies elevates form over substance where clear rights to reimbursement were created and no other enforcement mechanism exists." *Id.* at *8. The Court also observed that a provider should not be denied a remedy due to "[l]egislative impatience," and a private right of action to recover mandated reimbursements would be "fully consistent" with the legislative scheme. *Id.* at *9.

This, of course, turns the proper analysis upside down. The law is beyond settled that a clear manifestation of legislative intent is required before the courts will imply a private cause of action. *See Wisniewski v. Rodale, Inc.*, 510 F.3d 294, 301 (3d Cir. 2007); *Three Rivers Ctr. v. Hous. Auth. of the City of Pittsburgh*, 382 F.3d 412, 421 (3d Cir. 2004). The absence of evidence that the legislature intended to *preclude* a private right of action creates a presumption in favor of a private right of action that cannot be reconciled with the law. Further, the *Diagnostic Affiliates* court's concern that providers might be left without a remedy is not well taken—it is the legislature

GIBBONS P.C.

The Honorable Kevin McNulty, U.S.D.J.
April 15, 2022
Page 2

that sets policy in that regard, not the courts—and wrong in any event. The statute delegates enforcement to the Secretary of Labor, a fact that weighs heavily against a private right of action.

Finally, in the unlikely event that this Court were to adopt the reasoning in *Diagnostic Affiliates*, the Plaintiff here could not recover. In *Diagnostic Affiliates*, the plaintiff had allegedly provided COVID-19 testing to individuals insured by defendants at its *published cash price* of $900 per test, *id.* at *8, a prerequisite to compliance with the statute. Here, as noted in defendant's briefs, plaintiff has made no such allegation. *See* ECF No. 51 at 11 n.2.

II.  *Murphy Medical* came to the exact opposite conclusion, rejecting an implied private cause of action under the FFCRA and CARES Act. The Court correctly rejected arguments advanced by Plaintiff here, holding that the mandatory payment language of the CARES Act does not reflect an intent to imply a private remedy and neither Congress's "rush" to legislate during the pandemic nor the prospect that plaintiff would be left remediless supports a finding of Congressional intent regarding a private right of action. 2022 WL 743088, at *5. *Murphy Medical* disapproved *Diagnostic Affiliates*, observing that the "Supreme Court 'has increasingly discouraged the recognition of implied rights of actions without a clear indication of congressional intent[.]'" *Id.* at *6 (quoting *Duplan v. City of N.Y.*, 888 F.3d 612, 621 (2d Cir. 2018)).

But, the *Murphy Medical* court undermined its own, closely reasoned treatment of the statutory right of action by holding in a single sentence and absent any discussion or citation whatsoever, that plaintiff could pursue a cause of action under ERISA for a violation of the FFCRA or CARES Act. The sum of the court's reasoning appears in the statement "the reimbursement obligation derives from the Coronavirus Legislation, which effectively modified the terms of ERISA plans[.]" *Id.* at *8. No legal ground is advanced for this 'modification' of the plan(s).[1] The better view is that, while a plan lacking coverage for COVID testing may be out of compliance with the FFCRA and CARES Act, Congress intended this to be a matter for regulatory enforcement and so provided by delegating enforcement to the Secretary. In any event, it is clear that these statutes are not incorporated within and do not amend ERISA. ECF No. 51 at 17 n.4. The case law, noted in defendant's briefs, calls it an "end run" around Congressional intent when plaintiffs use ERISA to bring a private lawsuit based on coverage-mandate statutes that do not provide for one. *Id.* at 17-18, ECF No. 66 at 10-11.

The foundation of the federal courts' jurisprudence on implied private statutory rights of actions rests on the primacy of Congressional intent. *Murphy Medical*'s one-line holding, if it were correct, would make this intent a nullity. All statutes that mandate a particular level of coverage would gain a private right of action via ERISA, regardless of what Congress intended. This cannot be the law and this Court should not follow *Murphy Medical*'s truncated and unexplained holding to that effect.

---

[1]  Indeed, elsewhere the Court rejected equitable reformation of the plan, a holding it rendered dictum by the 'modification' it so easily found that the statutes made directly.

GIBBONS P.C.

The Honorable Kevin McNulty, U.S.D.J.
April 15, 2022
Page 3

      We thank Your Honor for your kind attention to this submission.  Please do not hesitate to have the Court's staff contact me with any questions or if we may be of any service whatsoever to the Court.

      Respectfully,

      s/ E. Evans Wohlforth, Jr.

      E. Evans Wohlforth Jr., Esq.

cc:    All Counsel of Record (via ECF)