**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OPEN MRI AND IMAGING OF RP VESTIBULAR DIAGNOSTICS, P.A.,<br><br>                    Plaintiff,<br><br>    v.<br><br>CIGNA LIFE AND HEALTH INSURANCE CO.,<br><br>                    Defendant. | Civil Action No.  2:20-cv-10345 (KM)(ESK)<br><br>*Document electronically filed* |

___

**DEFENDANT CIGNA LIFE AND HEALTH INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE SECOND AMENDED COMPLAINT UNDER FED. R. CIV. P. 41(B), OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**
___

E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
**GIBBONS P.C.**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500

*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

FACTUAL BACKGROUND AND PROCEDURAL HISTORY .............................................. 2

ARGUMENT ........................................................................................................................... 4

    I.    PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS. ....................................................... 4

        A.    Plaintiff Bears Responsibility For Its Actions ........................................... 5

        B.    Cigna Is Prejudiced By Plaintiff's Conduct ............................................... 6

        C.    Plaintiff's Dilatoriness Is Obvious ............................................................. 7

        D.    Plaintiff's Conduct Is Willful ..................................................................... 7

        E.    Alternate Sanctions Are Inadequate ........................................................... 8

        F.    Meritoriousness of Plaintiff's Claims ........................................................ 9

    II.    ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE GRANTED IN CIGNA'S FAVOR BECAUSE DISCOVERY HAS CLOSED AND THERE IS NO RECORD EVIDENCE SUPPORTING PLAINTIFF'S ERISA CLAIMS. ........................................................................... 9

CONCLUSION ...................................................................................................................... 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*,
   29 F.3d 863 (3d Cir. 1994) ................................................................................................7

*Adonai-Adoni v. King*,
   506 Fed. Appx. 116 (3d Cir. 2012) ....................................................................................5

*Baker v. Accounts Receivable Mgmt., Inc.*,
   292 F.R.D. 171 (D.N.J. 2013) ............................................................................................5

*Balley Transportation Corp. v. LM Ins. Corp.*,
   CV-157642-(MCA)(MAH), 2018 WL 3193239 (D.N.J. May 30, 2018) *report
   and recommendation adopted*, No. CV 15-7642, 2018 WL 3178315 (D.N.J.
   June 27, 2018) ....................................................................................................................6

*Caffrey v. Scott*,
   No. 10-5055, 2011 WL 4528169 (D.N.J. Sept. 28, 2011) ..................................................9

*Canale v. Yegen*,
   782 F. Supp. 963 (D.N.J. 1992) .......................................................................................11

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ...................................................................................................10, 11

*Chambers v. Sch. Dist. of Phila. Bd. of Educ.*,
   587 F.3d 176 (3d Cir. 2009) .............................................................................................10

*Chiarulli v. Taylor*,
   Civil No. 08-4400, 2010 WL 1371944 (D.N.J. Mar. 31, 2010) .........................................7

*Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan*,
   143 F. App'x 433 (3d Cir. 2005) .....................................................................................11

*Dover v. Digugliemo*,
   181 F. App'x 234 (3d Cir. 2006) .......................................................................................4

*Harrow v. Prudential Ins. Co. of Am.*,
   279 F.3d 244 (3d Cir. 2002) .............................................................................................11

*Hayes v. Nestor*,
   Civil No. 09–6092, 2013 WL 5176703 (D.N.J. Sept. 12, 2013) ........................................8

*Hicks v. Feeney*,
   850 F.2d 152 (3d Cir. 1988) ..............................................................................................5

*Hildebrand v. Allegheny Cnty.*,
   923 F.3d 128 (3d Cir. 2019)..................................................................................................5

*Klemmer v. Trump Ent. Resorts*,
   Civil Action No. 14-5319, 2016 WL 1163930 (D.N.J. Mar. 23, 2016)....................................9

*Lee v Volpe Express, Inc.*,
   Civ. No. 17–878 (KM) (MAH), 2017 WL 6943399 (D.N.J. Oct. 20, 2017)............................8

*Mercer v. Under Armour, Inc.*,
   No. CV 16-581 (JHR/AMD), 2017 WL 891769 (D.N.J. Feb. 3, 2017), *report
   and recommendation adopted*, No. CV 16-581 (JHR/AMD), 2017 WL 886969
   (D.N.J. Mar. 6, 2017) ...........................................................................................................7

*Oceanview Marina Townhomes v. Lexington Ins. Co.*,
   Civil Action No. 14–cv–1368 (PGS), 2015 WL 1879473 (D.N.J. Apr. 23,
   2015) ....................................................................................................................................8

*Olympic Junior, Inc. v. David Crystal, Inc.*,
   463 F.2d 1141 (3d Cir. 1972)...............................................................................................10

*Podobnik v. United States Postal Serv.*,
   409 F.3d 584 (3d Cir. 2005).................................................................................................10

*Poulis v. State Farm Fire and Casualty Co.*,
   747 F.2d 863 (3d Cir. 1984)........................................................................................4, 5, 7, 9

*Shipman v Delaware*,
   381 F. App'x 162 (3d Cir. 2010) ...........................................................................................4

*Sokol v. Wells Fargo Bank, N.A.*,
   Civil No. 21-16758 (FLW), 2022 WL 4112065 (D.N.J. Aug. 25, 2022) .................................5

*Stokes v. Denson*,
   Civil No. 19-20663, 2022 WL 2019162 (D.N.J. May 18, 2022).............................................4

*Student Pub. Interest Research Grp., Inc. v. Monsanto Co.*,
   600 F. Supp. 1479 (D.N.J. 1985) ...........................................................................................2

*Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*,
   No. 17-13596, 2018 WL 4144684 (D.N.J. Aug. 29, 2018) ...................................................11

*Williams v. Borough of West Chester*,
   891 F.2d 458 (3d Cir. 1989)..................................................................................................10

**Rules**

Fed. R. Civ. P. 19..........................................................................................................................4

Fed. R. Civ. P. 41(b) ..............................................................................................1, 4, 9, 12

Fed. R. Civ. P. 56..........................................................................................................1, 12

Fed. R. Civ. P. 56(c)(1)(A) ..................................................................................................9

Defendant Cigna Health and Life Insurance Company ("Cigna") respectfully submits this brief in support of its motion to dismiss Plaintiff Open MRI and Imaging of RP Vestibular Diagnostics, P.A.'s ("Open MRI" or "Plaintiff") Second Amended Complaint ("Complaint") pursuant to Federal Rule of Civil Procedure 41(b), or, in the alternative, for summary judgment pursuant to Rule 56. For the reasons set forth below, Cigna respectfully requests that its motion be granted and Plaintiff's claims be dismissed with prejudice in their entirety.

**PRELIMINARY STATEMENT**

Since the inception of this litigation, Plaintiff has outright refused to produce the claims information relevant to this ERISA action. Although identifying those claims for which Plaintiff seeks reimbursement is essential for the case to move forward, Plaintiff has defied numerous Court orders compelling it to produce the information so that Cigna can identify and research the claims. Dismissal of this action is warranted under Rule 41(b) as a sanction for Plaintiff's outright defiance of this Court and the judicial process as a whole. Plaintiff's wanton disobedience of this Court's orders merits nothing less.

Alternatively, summary judgment is warranted because the Court's prior sanctions make it impossible for Plaintiff to satisfy its burden of proof at trial. As a sanction for refusing to comply with its initial order to produce claims information, the Court was explicit that absent production by a date certain, October 31, 2022, Plaintiff would be precluded from offering evidence at trial as to the relevant claims. The October 31 date was only the most recent of other deadlines set by the Court for production of this information and Plaintiff still has not complied. The Court's Order precludes Plaintiff's ability to proceed with this case. Plaintiff cannot satisfy its burden on this ERISA case absent evidence relating to the claims. For repeated violations of the Court's Orders, Plaintiff is barred by the Court's sanction for repeated violation of the Court's Orders from producing such evidence, and, therefore summary judgment dismissing this case is appropriate,.

No sanction other than judgment for Cigna will stop Plaintiff's misconduct. Plaintiff has been evasive at every turn and its abusive delay tactics will only cease if this case is dismissed.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Because this Court is well aware of the facts and procedural history of the case, Cigna only briefly recounts it here. Plaintiff's Second Amended Complaint (the "Complaint") alleges[1] that Cigna "violated the provisions of Section 6001(a) of the FFCRA as amended by Section 3201 of the CARES Act as well as Sections 3202(a) and 3203(a) of the CARES Act[,]" which require group health plans and health insurers to provide coverage for Covid-19 testing. Complaint ¶¶ 6-8, 11, 23. [ECF No. 42]. Plaintiff further alleges that the relevant patients' plans entitled those patients "to be reimbursed by Defendant for the diagnostic services and treatment that they received from Plaintiff, even if the medical providers they employed were otherwise out of network." *Id.* ¶ 11.

Notably, the Second Amended Complaint does not identify the patients whose claims Plaintiff is pursuing. The Complaint also fails to identify any of the plans that purportedly should have covered the Covid diagnostic testing Plaintiff provided. Nor does the Complaint allege why Cigna's dispositions of the claims is wrong.

Cigna's efforts to obtain the required claims information long predates the within motion. The First Amended Complaint attached redacted claims information at Exhibits A through C. [ECF No. 13]. Per the Court's March 11, 2021 Order, the parties were to meet and confer as to the information that Cigna needed to identify the relevant patients such that it could produce the administrative record. [ECF No. 25]. Following the entry of the Discovery Confidentiality Order

---

[1] By referencing the allegations of the Complaint in this brief, Cigna does not concede that they are true. To the contrary, on a motion for summary judgment, the Court "may not assume the truth of allegations contained in the complaint." *Student Pub. Interest Research Grp., Inc. v. Monsanto Co.*, 600 F. Supp. 1479, 1485 (D.N.J. 1985).

[ECF No. 34], Cigna advised the Court in a joint status letter that it had requested unredacted copies of the exhibit to the First Amended Complaint. [ECF No. 40]. While Plaintiff promised to to produce the documents within 10 days of June 1, 2021, no documents were produced. *Id.*

Following the Court's denial of Cigna's motion to dismiss [ECF No. 72], the saga of efforts to get Plaintiff to produce even the most basic information about its claims recommenced. The Court held a status conference on May 31, 2022 and, by Order dated June 3, 2022 ("June Order"), the Court required Plaintiff to serve Cigna by June 30, 2022, with an unredacted list of the hundreds of patients claimants who allegedly assigned their benefits to Plaintiff. [ECF No. 74]. Plaintiff did not comply with the deadline. Rather, on August 2, 2022, Plaintiff produced 534 pages of purported claims information that was not in compliance with the June Order. In a joint letter dated September 19, 2022, Cigna outlined to the Court the numerous problems with Plaintiff's claims submission, which Plaintiff blamed on its billing vendor. [ECF No. 76].

Having failed to comply with the Court's June Order, Plaintiff was afforded the opportunity to redeem itself. Nonetheless, the Court's September 22, 2022 order ("September Order") made clear that if Plaintiff did not provide the required information by October 31, 2022, it "shall be prohibited" from introducing evidence as to any claims for which the information was not provided. [ECF No. 77]. Plaintiff was further ordered to produce an affidavit from its billing vendor outlining the purported problems with producing claims information. *Id.* Finally, Plaintiff was ordered to appear for a November 23 conference with the Court. [ECF No. 83].

No compliant claims list was provided, no affidavit from the billing vendor was filed and Plaintiff did not appear at the November 23 conference. On the contrary, Plaintiff simply continued is pattern and practice of flouting the Court's directives by simply ignoring them.

At the November 23, 2022 conference, the Court permitted Plaintiff's counsel to withdraw. The Court ordered Plaintiff to retain new counsel within 14 days. [ECF No. 88]. This period expired December 7, 2022. If Plaintiff did not retain counsel, Cigna was invited to move to strike the Complaint and seek sanctions against Plaintiff. *Id.* The Court also invited Cigna to make an application for an award of attorneys fees. Cigna now takes the Court up on both of these invitations; the Motion for attorneys' fees being presented in a separate application.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS.

Rule 41(b) provides that the Court can dismiss an action for failure to comply with a Court order. More specifically, the Rule states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

In deciding whether to dismiss under Rule 41(b), the Court typically must consider the factors set forth by the Third Circuit in *Poulis v. State Farm Fire and Casualty Co.,* 747 F.2d 863, 868 (3d Cir. 1984). The *Poulis* analysis is not required, however, where, as here, Plaintiff's "'willful conduct prevents the case from going forward, thereby giving a district court no option but dismissal.'" *Stokes v. Denson*, Civil No. 19-20663 (NLH/SAK), 2022 WL 2019162, at * 2 (D.N.J. May 18, 2022) (*quoting Dover v. Digugliemo*, 181 F. App'x 234, 237–38 (3d Cir. 2006)); *see also Shipman v Delaware*, 381 F. App'x 162, 164 (3d Cir. 2010) (same). There can be no question that by failing to comply with the Court's orders to provide the most basic information about its claims, Plaintiff has prevented the case from going forward. Indeed, Plaintiff's refusal

has stymied the matter in its entirety. It would, therefore, be well within the Court's authority to dismiss this case outright, without consideration of the *Poulis* factors.

If the Court does proceed with the *Poulis* analysis, the factors heavily favor dismissal. The *Poulis* factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Sokol v. Wells Fargo Bank, N.A.*, Civil No. 21-16758 (FLW), 2022 WL 4112065, at * 3 (D.N.J. Aug. 25, 2022) (*quoting Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 131–32 (3d Cir. 2019)). "No one factor is determinative and not all of the factors need to be met to warrant dismissal." *Baker v. Accounts Receivable Mgmt., Inc.*, 292 F.R.D. 171, 176 (D.N.J. 2013) (*citing Adonai-Adoni v. King*, 506 Fed. Appx. 116, 118-19 (3d Cir. 2012) (*citing Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988)).

### A. Plaintiff Bears Responsibility For Its Actions

Plaintiff leaves behind it a string of Court Orders it has willfully violated. Most fundamentally, Magistrate Judge Kiel's June Order was unambiguous. Plaintiff was required to produce a list of claims containing specific information by June 30. [ECF No. 74]. It failed to do so. Likewise, the Court's September Order was unequivocal that representations of counsel regarding why the information could not be provided would have to be backed up by sworn testimony:

> 2. Plaintiff shall file a declaration . . . by **October 7, 2022,** of a corporate representative of plaintiff's 'outside billing service' (*see* ECF No. 76 p. 1), which shall provide specific details of: (a) the 'process of attempting to produce updated outstanding claim data spreadsheets and supporting documents,'; and (b) why the outside

> billing service 'cannot provide th[e] information' required under the Court's June 3, 2022 order (ECF No. 74) without a 'manual review and creation of the documents' (ECF No. 76 p.1).

And, of course, Plaintiff was given one more chance to provide a compliant claims list:

> 3. Plaintiff shall produce the list of claimants with the information required under the Court's June 3, 2022 order (June Order) (ECF No. 74) by **October 31, 2022**.

[ECF No. 77 (emphasis in original).]

Of course, no affidavit was provided and no compliant claims list was produced. No representative of Plaintiff appeared at the November 23 conference, despite the Court's clear, written directive. [ECF No. 83.] In fact, Plaintiff's former counsel informed the Court that Plaintiff "has not cooperated with [counsel] on numerous occasions related to discovery, [and] providing information necessary to prosecute the case and meet deadlines set up [by] the [C]ourt." [ECF No. 81]. Finally, pursuant to the Court's November Order, Plaintiff was required to retain new counsel by December 7. [ECF No. 88]. Plaintiff did not. Plaintiff itself—and no one else—is responsible for the repeated failure to comply.

### B.   Cigna Is Prejudiced By Plaintiff's Conduct

Plaintiff's failure to timely comply with multiple Court orders compelling the production of claims information for which Plaintiff seeks to be compensated prejudices Cigna in this action. This action has been pending since August 12, 2020 and Cigna still does not have a list of the patients at issue. Cigna is incapable of defending the action if it is unaware of the universe of claims at issue. *See Balley Transportation Corp. v. LM Ins. Corp.*, CV-157642-(MCA)(MAH), 2018 WL 3193239, at * 3 (D.N.J. May 30, 2018) ("Prejudice is not limited to irreparable harm, but may include depriving a party of necessary information or the ability to prepare for trial."), *report and recommendation adopted*, No. CV 15-7642, 2018 WL 3178315 (D.N.J. June 27, 2018) (citations omitted).

6

Plaintiff's pattern of willful and disobedient conduct warrants dismissal. Plaintiff has willfully ignored the Court's Orders issued in response to Cigna's repeated efforts to obtain a list of claims. The prejudice suffered by Cigna resulting from Plaintiff's conduct is obvious. Cigna has expended substantial attorneys' fees and costs in its efforts to determine the true nature of the claims at issue and whether those claims relate to the allegations as plead. Cigna by its undersigned counsel has been compelled to appear numerous times due to Plaintiff's failure to provide the most basic information about its claims. Permitting this case to continue despite Plaintiff's misconduct would only further prejudice Cigna under these circumstances.

### C. Plaintiff's Dilatoriness Is Obvious

To call Plaintiff's conduct dilatory is the grossest understatement. "'Extensive or repeated delay or delinquency' " or "'consistent tardiness in complying with court orders'" suffice to demonstrate a history of dilatoriness.'" *Mercer v. Under Armour, Inc.*, No. CV 16-581 (JHR/AMD), 2017 WL 891769, at *3 (D.N.J. Feb. 3, 2017), *report and recommendation adopted*, No. CV 16-581 (JHR/AMD), 2017 WL 886969 (D.N.J. Mar. 6, 2017) (*quoting* Chiarulli v. Taylor, Civil No. 08-4400 (JBS/AMD), 2010 WL 1371944, at *3 (D.N.J. Mar. 31, 2010) (*quoting Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (citing Poulis, 747 F.2d at 868))). Plaintiff's refusal to proceed or comply with the Court's numerous directives to move this case ahead constitutes obstruction, the epitome of "dilatory."

Cigna has actively sought to obtain the much needed information since the outset of this case. After refusing for many months to even respond to Cigna's requests that it provide the pertinent claims information, Plaintiff has similarly disregarded the directives of this Court to produce it. Plaintiff's pattern of conduct is beyond dilatory, constituting a misappropriation of the Court's and Cigna's time and effort.

### D. Plaintiff's Conduct Is Willful

Plaintiff's conduct must be deemed willful. Plaintiff filed this lawsuit, invoked the power of this Court and dragged Cigna into this pointless and very costly exercise. Plainly, in order to pursue any claims for benefits under ERISA, Plaintiff must identify the claims at issue. Nonetheless, Plaintiff has failed to do so and has likewise failed to obey this Court's orders mandating as much. It is difficult to comprehend any explanation for such conduct other than Plaintiff's willful disregard for the legal process. And, as the Court is well aware, Plaintiff's conduct in this case is sadly consistent with multiple instances of bad faith dereliction and sanctional conduct in other cases. (*See* discussion at ECF Nos. 76 and 87.) Plaintiff cannot invoke the jurisdiction and machinery of this Court, openly defy the Court's authority to suit its own purpose, and expect to triumph. *See Lee v Volpe Express, Inc.*, Civ. No. 17–878 (KM) (MAH), 2017 WL 6943399, at * 2 (D.N.J. Oct. 20, 2017) ("the Court must conclude on the record before it that Plaintiff's failure to comply with its orders was willful and that she has chosen not to pursue her claims.") (citations omitted).

### E. Alternate Sanctions Are Inadequate

Dismissal is the ultimate sanction and it is appropriate where "alternative sanctions would have no effect on Plaintiff's compliance with Court orders," or deter future abuses. *Hayes v. Nestor*, Civil No. 09–6092 (NLH/AMD), 2013 WL 5176703, at * 5 (D.N.J. Sept. 12, 2013). That is patently the situation here.

The pattern of delay and unresponsiveness by Plaintiff clearly indicates that alternative sanctions would be futile. *See, e.g*, *Oceanview Marina Townhomes v. Lexington Ins. Co.*, Civil Action No. 14–cv–1368 (PGS), 2015 WL 1879473, at * 3 (D.N.J. Apr. 23, 2015) ("Taken as a whole, this conduct is indicative of a pervasive pattern of delay . . . the Court finds no lesser sanction would be effective."). Plaintiff was explicitly warned that failure to comply with the October 31 deadline would be fatal to its claims. Plaintiff chose to do nothing, not even

8

communicating with its attorney, who, at that point had not yet withdrawn from the representation. Plainly, even the ultimate sanction had no power to compel compliance; a lesser one would have no effect whatsoever.

### F. Meritoriousness of Plaintiff's Claims

Given that Cigna cannot secure the most basic information regarding Plaintiff's claims, it is unable to determine if there is any merit to the claims. *See Klemmer v. Trump Ent. Resorts*, Civil Action No. 14-5319 (JBS/KMW), 2016 WL 1163930, at * 5 (D.N.J. Mar. 23, 2016) ("Because this action remains in its early phases . . . the Court lacks sufficient grounds to evaluate the meritoriousness of Plaintiff's claims. For that reason the Court finds the sixth *Poulis* factor neutral.") (*citing Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at * 4 n. 1 (D.N.J. Sept. 28, 2011)). As has been noted to the Court repeatedly in the past, many of the claims that appeared on the flawed claims lists previously provided pre-date the Covid pandemic altogether or do not appear on their face to concern Covid testing charges, the service on which the lawsuit was originally founded. Thus, the only indicia available to the Court and Cigna show that Plaintiff's claims on their face lack any merit whatsoever.

## II. ALTERNATIVELY, SUMMARY JUDGMENT SHOULD BE GRANTED IN CIGNA'S FAVOR BECAUSE DISCOVERY HAS CLOSED AND THERE IS NO RECORD EVIDENCE SUPPORTING PLAINTIFF'S ERISA CLAIMS.

In the alternative to dismissing the Complaint as a sanction under Fed. R. Civ. P. 41(b), summary judgment is appropriate as Plaintiff is incapable of satisfying its burden at trial. On a motion for summary judgment, the Court would typically decide whether there is a genuine issue of material fact based on "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Here, however, there is no record because Plaintiff has not produced any claims

information, and the Court has prohibited Plaintiff from introducing evidence at trial. Because discovery has closed, there is no material in the record that could create a genuine issue of material fact. Plaintiff, as a burdened non-movant, cannot defeat summary judgment and the case should therefore be dismissed.

A burdened non-movant party confronting a motion to summary judgment cannot merely rest on the pleadings. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "To survive summary judgment, a party must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. United States Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex*, 477 U.S. at 325); *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 197 (3d Cir. 2009) (conclusory statement, "standing alone, was deficient" in opposing summary judgment). "Conclusory statements, general denials, and factual allegations not based on personal knowledge [are] insufficient to avoid summary judgment." *Olympic Junior, Inc. v. David Crystal, Inc.*, 463 F.2d 1141, 1146 (3d Cir. 1972). Importantly, a plaintiff seeking to defeat a motion for summary judgment must produce "competent evidence"—that is, evidence that is admissible at trial—in opposition to the motion. *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1989) (Garth, J., concurring) ("To defeat a motion for summary judgment, competent evidence must be produced . . .").

Here, an Order of the Court expressly bars Plaintiff from presenting evidence at trial in support of its claims. The terms of the Order were plain and the triggering contingency—failure to provide a claims list by the date specified—has long since occurred. The opportunity to produce this list was at least the second and arguably third chance afforded Plaintiff to do so. The Court offered Plaintiff the avenue of explaining why it could not produce the list, the affidavit of its billing vendor. This opportunity was spurned as well.

Plaintiff's refusal to produce even the most basic information about its claims has resulted in a sanction by this Court the effect of which is that Plaintiff cannot possibly carry its burden to prove any of the elements of an ERISA claim. *See Celotex*, 477 U.S. at 321 (holding that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial" and mandates the grant of summary judgment). Plaintiff's recalcitrance in identifying the claims information and its persistent defiance of Court orders has doomed this action.

Consequently, there is "a complete failure of proof" as to each and every essential element of Plaintiff's ERISA claims. These elements are well-established. A plaintiff must prove that it properly made a claim for benefits, that it exhausted the relevant plan's administrative appeals process, that it is entitled to a particular benefit under the plan's terms, and that it was denied that benefit. *See Canale v. Yegen*, 782 F. Supp. 963, 971 (D.N.J. 1992) (granting summary judgment where plaintiff "failed to present his claim for benefits to his employer and failed to appeal a denial"); *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) (stating that a plaintiff must exhaust administrative remedies in order to bring suit under ERISA); *Univ. Spine Ctr. v. Cigna Health & Life Ins. Co.*, No. 17-13596, 2018 WL 4144684, at *3 (D.N.J. Aug. 29, 2018) (McNulty, J.) ("emphasiz[ing] that an ERISA claim requires plaintiff to allege and prove an entitlement to 'benefits due to him *under the terms of his plan*'" (emphasis added)).

Plaintiff has brought this result upon itself. There is and there can be no evidence that would sustain Plaintiff's burden at trial. Summary judgment must be granted in Cigna's favor.[2]

---

[2] Nor is there any evidence in the record that any of Plaintiff's patients validly assigned their claims for benefits to Plaintiff, and Plaintiff now cannot offer any such evidence. Thus, Plaintiff cannot possibly establish that it has standing to pursue its claims, which it must do to survive summary judgment. *See Cmty. Med. Ctr. v. Local 464A UFCW Welfare Reimbursement Plan*, 143 F. App'x

11

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully submits that the Court should grant its Motion to dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 41(b), or, in the alternative, grant summary judgment to Defendant pursuant to Federal Rule of Civil Procedure 56.

Dated: December 9, 2022  
Newark, New Jersey

Respectfully submitted,

s/ E. Evans Wohlforth, Jr.
E. Evans Wohlforth, Jr., Esq.
Debra A. Clifford, Esq.
GIBBONS P.C.
One Gateway Center
Newark, NJ 07102-5310
Tel: (973) 596-4500
Fax: (973) 596-0545
Email: ewohlforth@gibbonslaw.com

*Attorneys for Defendant*
*Cigna Health and Life Insurance Company*

---

433, 436 (3d Cir. 2005) (plaintiff's "failure to establish that an appropriate assignment exists is fatal to its standing").

1